# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL HERNANDEZ GONZALEZ, | ) 1:15-cv-001200-BAM (PC) |
| Plaintiff, | ) SCREENING ORDER DISMISSING |
| v. | ) SECOND AMENDED COMPLAINT WITH ) LEAVE TO AMEND |
| FRESNO SHERIFF'S DEPARTMENT, FRESNO COUNTY JAIL, | ) (ECF No. 16) |
| Defendant. | ) **THIRTY (30) DAY DEADLINE** |

Plaintiff Michael Hernandez Gonzalez ("Plaintiff") was a detainee at the time of the incident and is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed a consent to Magistrate Judge jurisdiction on September 16, 2015. (ECF. NO. 4.) Plaintiff initiated this action on August 3, 2015 and filed a second amended complaint on November 14, 2016. (ECF No. 16.) Plaintiff's second amended complaint, filed on November 14, 2016 (ECF No. 16), is currently before the Court for screening.

**I.     Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary

1

1 relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C.
2 § 1915(e)(2)(B)(ii).

3       A complaint must contain "a short and plain statement of the claim showing that the
4 pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not
5 required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
6 conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937,
7 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65
8 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge
9 unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009)
10 (internal quotation marks and citation omitted).

11       Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings
12 liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338,
13 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially
14 plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each
15 named defendant is liable fo r the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949
16 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir.
17 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere
18 consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678,
19 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

20 **II.    Plaintiff's Allegations**

21       Plaintiff is currently housed at California Substance Abuse Treatment Facility in
22 Corcoran, California.  The incident at issue took place while plaintiff was housed in the Fresno
23 County Jail awaiting trial.  Plaintiff's second amended complaint names Margaret Mims, Sheriff,
24 Deputy Sheriffs sued as JOHN and JANE DOES 1-10, Doctors at Fresno County Jail sued as
25 JOHN DOES 1-6, Nurses at Fresno County Jail sued as JANE DOES 1-6.

26       Plaintiff alleges as follows in Claim 1.  On about October 20, 2012, while awaiting a jury
27 trial, Plaintiff was housed in Fresno County Jail.  Defendant Mims and John and Jane DOES 1-
28 20 put plaintiff in violent convicted 12–man holding tank.  Plaintiff, a 52 year old Hispanic man,

was confronted by a heavily tattooed inmate who wanted to know who Plaintiff was. The inmate said he was a Fresno Bulldog and left to speak with others. The next thing Plaintiff knew is he was viciously battered by several young inmates. Plaintiff was kicked, stomped and punched in the head and body. Plaintiff alleges that Defendants Mims and John and Jane Does 1-20 formed a classification committee to determine plaintiff's housing needs. The committee kept asking what Plaintiff's problem was because no matter how many times the committee moved Plaintiff, Plaintiff was causing problems. Plaintiff said he was not causing problems and that the Bulldogs were trying to kill Plaintiff. Plaintiff alleges he was moved to another violent gang cell and beaten and moved again ad was beaten. Mims and Defendants Does 1-10 refused to house plaintiff in protective custody. Defendants failed and refused to take the necessary steps to protect him from repeated acts of beatings. Plaintiff was sent to Atascadero for competence to stand trial and a medical evaluation was done. Plaintiff suffered a right acromioclavical separation of shoulder and corrective surgery of plaintiff eight pins in his shoulder was done at Atascadero. His discharge papers from Atascadero indicated that he should be placed in protective custody. Upon his discharge from Atascadero and return to Fresno County Jail, Mims and John and Jane Does 1-10 failed to follow protective measures indicated by Atascadero. Plaintiff was again severely beaten by bulldog gang members and 8 of the pins in his shoulder ruptured. Plaintiff was housed in felony holding cells for convicted gang members and plaintiff was a pretrial detainee.

In Claim 2, Plaintiff alleges that due to his mental state of competence in his criminal case for which he was awaiting trial, the court transferred Plaintiff Atascadero State Hospital for a mental health evaluation. Upon seeing Plaintiff's battered state when he arrived at Atascadero, Plaintiff told them about how he was beaten. Plaintiff contends that John and Jane Does 1-12, doctors and nurses at Fresno County Jail, down played his injuries and said he would heal up fine on his own without any medical care; and did not administer as much as an aspirin. Plaintiff's need for medical care after each beaten was glaringly obvious but he was denied and was told he would heal up on his own. Plaintiff had serious medical need and the Jail medical staff John and Jane Does 1-6 did not take reasonable steps to obtain or provide medical care, even though a

reasonable medical staff in the circumstances would have appreciated the high degree of risk of not providing surgery.

Plaintiff seeks compensatory damages of $500,000 against each defendant and punitive damages, among other relief.

### III.   Deficiencies in Complaint

#### A.  Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); Rizzo v. Goode, 423 U.S. 362, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff has not linked the defendant to acts or omissions showing that each defendant participated in, or directed the violation of, any of his Constitutional rights.  If Plaintiff elects to amend his complaint, he must allege what each individual defendant, by name, did or did not do that resulted in a violation of his constitutional rights.

#### B.  Supervisory Liability

Although Plaintiff attempts to name Sheriff Mims as a defendant, Plaintiff has not alleged that Sheriff Mims was personally involved, other than the classification committee, in an alleged Constitutional deprivation. To the extent Plaintiff seeks to hold Sheriff Mims, or any other defendant, liable based upon their supervisory positions, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the

1 theory of respondeat superior. Iqbal, 556 U.S. at 676–77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020–21 (9th Cir.2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir.2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir.2002).

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205–06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009). Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825 (1970).

**C. Failure to Protect**

Plaintiff alleges a failure to protect him as a pretrial detainee.  Officials have a duty "to take reasonable measures to guarantee the safety" of those in their care, which has been interpreted to include a duty to provide for their protection. Labatad v. Corrections Corp. of America, 714 F.3d 1155, 1160 (citing Farmer, 511 U.S. at 832-33; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005)). To establish a violation of this duty, a plaintiff must "show that the prison officials acted with deliberate indifference." Castro v. County of Los Angeles, 833 F.3d 1060 (9th Cir. Aug. 15, 2016). A civil detainee need only show that a prison official purposely or knowingly subjected him to a risk of serious harm that was objectively unreasonable and need not show the defendant's subjective state of mind. Castro, 833 F.3d 1060, 2016 WL 4268955, *5-6 (citing Kingsley v. Hendrickson, __U.S. __, 135 S.Ct. 2466, 2472-73 (2015)).

The elements of a pretrial detainee's Fourteenth Amendment failure-to-protect claim against an individual officer are as follows:

(1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;

(2) Those conditions put the plaintiff at substantial risk of suffering serious harm;

    (3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved — making the consequences of the defendant's conduct obvious; and

    (4) By not taking such measures, the defendant caused the plaintiff's injuries.

Castro, at *7. "With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily 'turn[ ] on the "facts and circumstances of each particular case." ' " Castro, at *7 (quoting Kingsley, 135 S.Ct. at 2473) (quoting Graham v. Connor, 490 U.S. 386, 396, 109 S.Ct. 1865 (1989)).

  Plaintiff fails to state sufficient factual allegations to support a claim for failure to protect. As to the initial placement in the cell with the heavily tattooed inmate, Plaintiff does not allege who he told or what he told them about his safety concern and he does not allege that Sheriff Mims and JOHN and JANE DOES 1-20 knew or made the decision to place Plaintiff in the initial holding cell.  Plaintiff alleges that he told Sheriff Mims and JOHN and JANE DOES 1-20 who were part of the classification committee that Bulldogs were trying to kill him after the initial incident, but Plaintiff also alleges that each time he told someone about the beatings, he was moved to a different holding cell. Plaintiff therefore has alleged that reasonable measures were taken to abate the risk.  Further, there are not facts from which a reasonable officer would know that placement in each different holding cell would subject Plaintiff to risk of beatings. Plaintiff complains that he was not moved into "protective custody." The Constitution does not require that plaintiff be placed in "protective custody," only that the defendants take reasonably available measures to abate a substantial the risk of harm.  Therefore, Plaintiff may not hold defendants liable merely because they did not place him into protective custody. The Plaintiff will be granted leave to amend.

  **D.  Inadequate Medical Care**

  The standard applicable to a pretrial detainee's claim for inadequate medical care under the Fourteenth Amendment is presently not clear. In the past, such claims were subject to the same state of mind requirement as an Eighth Amendment violation, i.e., subjective and deliberate

indifference to a substantial risk of serious harm. See Clouthier v. County of Contra Costa, 591 F.3d 1232 (9th Cir. 2010). However, that holding was called into question by the United States Supreme Court in a Fourteenth Amendment excessive force case, Kingsley v. Hendrickson, 135 S. Ct. 2466, 2473 (2015). Most recently, the Ninth Circuit extended the Kingsley rationale to a Fourteenth Amendment failure-to-protect claim. Castro , 2016 WL 4268955, at *7 (en banc) (slip op). In Guerra v. Sweeny, 2016 WL 5404407 (E.D. Cal 2016) (Ishii, J.), the Court extended Castro to an untreated medical needs case. The court determined that the elements of such a claim are: (1) The plaintiff made a request for medical care or the need for care was glaringly obvious; (2) The plaintiff had a serious medical need; (3) The defendant did not take reasonable steps to obtain or provide medical care, even though a reasonable officer (or reasonable medical staff) in the circumstances would have appreciated the high degree of risk involved—making the likelihood of harm obvious; and (4) By not taking such measures, the defendant caused the plaintiff's injuries.

Plaintiff has not provided sufficient factual allegations to support his claim for medical care. Plaintiff's allegations lump all of the beatings together. Plaintiff alleges that, in a somewhat confusing fashion, that when he was at Atascadero, he told Atascadero officials that "John and Jane Does 1 to 12, doctors and nurses back at the Fresno County Jail down-played his injuries and said he would heal up fine on his own without any medical care." (EDF. NO. 15, p.5.) It is unclear from these allegations that Plaintiff requested care while he was at Fresno County Jail and to whom he make this request. Plaintiff merely alleges that "Plaintiff request for medical care after these beating was glaringly obvious." [Unedited text]. The Court will not infer factual allegations necessary for Plaintiff to state a claim.

In addition, Plaintiff fails to link defendants to the conduct following each of the beatings and whether by not taking measure, the defendants caused plaintiff's injuries. Plaintiff will be granted leave to amend.

### E.  Doe Defendants

Unidentified or "Doe" defendants must be named or otherwise identified before service can go forward. "As a general rule, the use of 'John Doe' or 'Jane Doe' to identify a defendant is

not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). Plaintiff is advised that John Doe or Jane Doe defendants cannot be served by the United States Marshal until Plaintiff has identified them as actual individuals and amended her complaint to substitute names for John Doe or Jane Doe. For service to be successful, the Marshal must be able to identify and locate defendants.

## IV. **Conclusion and Order**

For the above reasons, Plaintiff's second complaint fails state a claim upon which relief may be granted under section 1983. The Court will provide Plaintiff with **a final opportunity** to amend his complaint to cure the identified deficiencies to the extent he is able to do so in good faith. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's third amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. at 676. Plaintiff also must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his second amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey, 693 F.3d at 927. Therefore, Plaintiff's second amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Plaintiff's second amended complaint, filed on November 14, 2016 (ECF No. 16), is dismissed for failure to state a claim;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a second amended complaint or a notice of voluntary dismissal; and

4.      **If Plaintiff fails to file an amended complaint in compliance with this order, the Court will dismiss this action, with prejudice, for failure to state a claim and to obey a court order**.

IT IS SO ORDERED.

    Dated:   **November 16, 2016**                    /s/ *Barbara A. McAuliffe*
                                                                          UNITED STATES MAGISTRATE JUDGE