# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL HERNANDEZ GONZALEZ,<br><br>        Plaintiff,<br><br>    v.<br><br>THE FRESNO SHERIFF'S DEPARTMENT, et al.,<br><br>        Defendants. | Case No. 1:15-cv-01200-BAM (PC)<br><br>ORDER DENYING MOTION FOR RECONSIDERATION REGARDING ORDER DISMISSING SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND<br><br>(ECF No. 18)<br><br>ORDER EXTENDING DEADLINE TO FILE THIRD AMENDED COMPLAINT<br><br>**THIRTY (30) DAY DEADLINE** |

### I.   Background

Plaintiff Michael Hernandez Gonzalez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983. Plaintiff initiated this action on August 3, 2015. (ECF No. 1.) Plaintiff's allegations concern events that took place while Plaintiff was a pretrial detainee in the Fresno County jail.

On November 17, 2016, the Court issued a screening order dismissing Plaintiff's second amended complaint with leave to amend within thirty (30) days. (ECF No. 17.) On December 14, 2016, Plaintiff filed the instant motion for reconsideration by a district judge of the Court's screening order. (ECF No. 18.)

1

**II.     Reconsideration by District Judge**

Plaintiff is not entitled to reconsideration by a district judge. Plaintiff consented in writing to magistrate judge jurisdiction under 28 U.S.C. § 636(c) on August 13, 2015 (ECF No. 4), and again on August 26, 2015 (ECF No. 5). "Once a civil case is referred to a magistrate judge under 28 U.S.C. § 636(c), the reference can be withdrawn by the court only 'for good cause shown on its own motion, or under extraordinary circumstances shown by any party.'" *Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1993) (citation omitted); *see also* E.D. Cal. Local R. Appendix A(k)(4) (where prisoner consents to proceed before a magistrate judge, the magistrate judge shall act pursuant to § 636(c) "until the action is reassigned to a District Judge as required by this subsection or otherwise applicable law").  The Court does not find good cause to withdraw Plaintiff's consent, and Plaintiff has not presented extraordinary circumstances entitling him to withdraw his consent. Accordingly, Plaintiff's motion for reconsideration by a district judge shall be denied.

**III.    Motion for Reconsideration Rule 60(b)(6)**

**A. Standard**

Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be 'used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances'" exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (quoting *Latshaw v. Trainer Wortham & Co.*, Inc., 452 F.3d 1097, 1103 (9th Cir. 2006)). The moving party "must demonstrate both injury and circumstances beyond his control." *Latshaw*, 452 F.3d at 1103. In seeking reconsideration of an order, Local Rule 230(j) requires a party to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the ... court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). "A party seeking

2

reconsideration must show more than a disagreement with the court's decision, and 'recapitulation ...'" of that which was already considered by the court in rendering its decision. *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (quoting *Bermingham v. Sony Corp. of Am., Inc.*, 820 F. Supp. 834, 856 (D. N.J. 1992)).

### B. Discussion

Plaintiff contends that he satisfied the linkage requirement, that he has stated a claim for failure to protect, and that the Court's decision conflicts with Ninth Circuit and Supreme Court precedent. (ECF No. 18.)  In particular, Plaintiff first argues that he satisfied the linkage requirement when he stated that Defendants Mims and Does 1 to 20 formed a classification committee and were aware of the attacks on him, and that he allegedly suffered harm as a result of their refusal to place him in protective custody. Plaintiff appears to misunderstand the linkage necessary to state a constitutional claim. As indicated in the Court's screening order, Plaintiff must specify which individual defendant performed which action or omission that led to the alleged constitutional deprivations. (ECF No. 17 at p. 4:20-22.) For example, Plaintiff must specify which defendants were responsible for his initial placement in a 12-man holding tank, which defendants were responsible for his subsequent placements in the Fresno County Jail, and which defendants allegedly reviewed his discharge papers. Plaintiff may not simply lump the Defendants and their actions together. However, Plaintiff need not know the names of the individual defendants to properly link them at this stage of litigation, and he may use the Doe designation in any amended complaint. *Cf. Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) (noting that usage of "Doe" defendants is not favored, but allowed where identity of alleged defendants will not be known before filing of complaint).

Plaintiff next contends that he stated a claim for failure to protect when he informed the classification committee that gang members in prison, known as the "Fresno Bulldogs," were trying to kill him. He states that every time he was moved to a different cell, he suffered severe bodily harm from these gang members, which at one point required hospitalization and surgery. Plaintiff alleges that, after undergoing surgery and following his discharge from the hospital, his discharge papers recommended that he be placed in a hospital or protective custody. Plaintiff

1    further alleges that Defendants reviewed Plaintiff's discharge papers, ignored their
2    recommendations, and placed Plaintiff in housing where he again suffered severe bodily harm
3    because of these gang members. Plaintiff also asserts that Defendants conducted no investigation
4    into whether any of these gang members were in those holding cells.
5        Plaintiff's argument that he has satisfied his claim for failure to protect fails, as it is
6    conclusory and simply restates the allegations in his second amended complaint. Plaintiff's
7    motion essentially recapitulates his allegations, and at most evidences a disagreement with the
8    Court's decision, which is not enough to support a motion for reconsideration. *Westlands Water*
9    *Dist.*, 134 F. Supp. 2d at 1131.
10       Plaintiff also appears to allege some facts not stated in his second amended complaint, but
11   fails to explain why these facts were not included in the complaint. *See Marlyn Nutraceuticals,*
12   *Inc.*, 571 F.3d at 881 (denying introduction of new evidence where it could have been introduced
13   before court made its decision). Specifically, these new allegations include that the Defendants
14   reviewed Plaintiff's discharge papers containing the recommendation to place him in protective
15   custody before he was attacked again, and that the Defendants conducted no investigation into
16   whether any of these gang members were housed in the holding cells where he would be placed.
17   As these allegations were not included in Plaintiff's second amended complaint, the Court will
18   not consider them for purposes of reconsideration of the screening order.  Plaintiff is advised that
19   if he has new allegations against these Defendants, he should include them in any amended
20   complaint.
21       As a final matter, Plaintiff argues that the Court's screening order conflicts with Supreme
22   Court and Ninth Circuit precedent regarding the right of a prisoner to be protected. Plaintiff cites
23   the cases of *Farmer v. Brennan*, 511 U.S. 825 (1994), *Noll v. Carlson*, 809 F.2d 1446 (9th Cir.
24   1987), and *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986) to support his argument that the
25   Court's screening order conflicts with holdings regarding cruel and unusual punishment and
26   constant threats of violence. Plaintiff's argument is unavailing. In the screening order, the Court
27   not only acknowledged the duty of prison officials to take reasonable measure to guarantee the
28   safety of those in their care, but also identified the elements of a pretrial detainee's Fourteenth

Amendment failure-to-protect claim as outlined by the Ninth Circuit in *Castro v. County of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016). (ECF No. 17, pp. 5-6.) The Court then analyzed Plaintiff's allegations accordingly and found that Plaintiff had not stated a failure-to-protect claim.

### IV.    Conclusion and Order

For the reasons stated, Plaintiff's motion for reconsideration, filed on December 14, 2016, is HEREBY DENIED. (ECF No. 18.)

Additionally, in light of Plaintiff's having filed this motion for reconsideration and the Court's need to address it, the Court finds that Plaintiff should be granted additional time to file a third amended complaint or a notice of voluntary dismissal. Accordingly, the Court HEREBY GRANTS Plaintiff an additional **thirty (30) days** from the date of service of this order to file a third and final amended complaint or a notice of voluntary dismissal.

**Plaintiff's failure to comply with this order will result in the dismissal of this action, with prejudice, for failure to state a claim, failure to obey a court order, and failure to prosecute.**

IT IS SO ORDERED.

Dated:   **December 27, 2016**             /s/ *Barbara A. McAuliffe*
                                           UNITED STATES MAGISTRATE JUDGE