# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL HERNANDEZ GONZALEZ,<br><br>   Plaintiff,<br><br> v.<br><br>FRESNO SHERIFF'S DEPARTMENT,<br>FRESNO COUNTY JAIL,<br><br>   Defendant. | 1:15-cv-001200-BAM (PC)<br><br>ORDER FINDING CERTAIN CLAIMS COGNIZABLE AND DISMISSING REMAINING CLAIMS AND DEFENDANTS |

Plaintiff Michael Hernandez Gonzalez ("Plaintiff") was a detainee at the time of the incident and is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed a consent to Magistrate Judge jurisdiction. (ECF. No. 4, 5.) Plaintiff initiated this action on August 3, 2015, and after multiple screenings, filed a third amended complaint on January 13, 2017. (ECF No. 20.) Plaintiff's third amended complaint, filed on January 13, 2107 (ECF No. 20), is currently before the Court for screening.

**I.** **Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable fo r the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

## II. Plaintiff's Allegations

Plaintiff is currently housed at California Substance Abuse Treatment Facility in Corcoran, California. The incidents at issue took place while plaintiff was housed in the Fresno County Jail awaiting trial. Plaintiff's third amended complaint names Margaret Mims, Sheriff; Deputy Sheriffs sued as JOHN and JANE DOES 1-10; Doctors at Fresno County Jail sued as JOHN DOES 1-6; and Nurses at Fresno County Jail sued as JANE DOES 1-6.

Plaintiff alleges as follows. On or about October 20, 2012, while awaiting a jury trial, Plaintiff was housed in Fresno County Jail. Defendant Mims and Deputy Sheriffs JOHN and JANE DOES 1-10 put Plaintiff in violent convicted 12–man holding tank. Plaintiff, a 52 year

old Hispanic man, was confronted by a heavily tattooed inmate who wanted to know who Plaintiff was. The inmate asked Plaintiff who he was and where was he from on the street. Plaintiff said he was no gangbanger. The inmate said he was a Fresno Bulldog and left to speak with others. The next thing Plaintiff knew is he was viciously battered by several young inmates. Plaintiff was kicked, stomped and punched in the head and body.

Plaintiff alleges that due to his mental state of competence in his criminal case for which he was awaiting trial, the court transferred Plaintiff Atascadero State Hospital for a mental health evaluation. Upon seeing Plaintiff's battered state when he arrived at Atascadero, Plaintiff told them about how he was beaten. Plaintiff contends that JOHN and JANE DOES 1-6, doctors and nurses at Fresno County Jail, down played his injuries and said he would heal up fine on his own without any medical care; and did not administer as much as an aspirin.

Plaintiff alleges that Defendants Mims and Deputy Sheriffs JOHN and JANE DOES 1-10 formed a classification committee to determine Plaintiff's housing needs. The committee kept asking what Plaintiff's problem was because no matter how many times the committee moved Plaintiff, Plaintiff was causing problems. Plaintiff said he was not causing problems and that the Bulldogs were trying to kill Plaintiff. Defendants conducted no investigation into whether any of the gang members were housed in the holding cell where he would be placed. Plaintiff alleges DOES 1 to 10 moved Plaintiff to another violent gang cell and he was again beaten until he lost consciousness. Mims and Defendants Deputy Sheriffs JOHN and JANE DOES 1-10 acted collectively as one voice classification committee who refused to house Plaintiff in protective custody. Defendants failed and refused to take the necessary steps to protect him from repeated acts of beatings. These beatings happened three times before being sent to Atascadero. At Atascadero for competence, a medical evaluation was done. Plaintiff suffered a right acromioclavical separation of shoulder and corrective surgery of plaintiff eight pins in his shoulder was done at Atascadero. His discharge papers from Atascadero indicated that he should be placed in protective custody. Upon his discharge from Atascadero and return to Fresno County Jail, Defendants failed to conduct any investigation in whether the gang members were housed in the holding cells. Mims and Deputy Sheriffs JOHN and JANE DOES 1-10 failed to

follow protective measures indicated by Atascadero. Plaintiff was again severely beaten by bulldog gang members and 8 of the pins in his shoulder ruptured. Plaintiff was housed in felony holding cells for convicted gang members and plaintiff was a pretrial detainee.

After each of the beatings, Plaintiff's need for medical care after each beaten was obvious but he was denied and was told he would heal up on his own. Plaintiff had serious medical need and the Jail medical staff John and Jane Does 1-6 did not take reasonable steps to obtain or provide medical care, even though a reasonable medical staff in the circumstances would have appreciated the high degree of risk of not providing surgery.

Plaintiff seeks compensatory damages of $500,000 against each defendant plus punitive damages, among other relief.

### III. Deficiencies in Complaint

#### A. Supervisory Liability

Although Plaintiff attempts to name Sheriff Mims as a defendant, Plaintiff has not alleged that Sheriff Mims was personally involved, other than the classification committee, in an alleged Constitutional deprivation. To the extent Plaintiff seeks to hold Sheriff Mims, or any other defendant, liable based upon their supervisory positions, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. Iqbal, 556 U.S. at 676–77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020–21 (9th Cir.2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir.2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir.2002).

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205–06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009). Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825 (1970).

**B. Failure to Protect**

Plaintiff alleges a failure to protect him as a pretrial detainee. Officials have a duty "to take reasonable measures to guarantee the safety" of those in their care, which has been interpreted to include a duty to provide for their protection. Labatad v. Corrections Corp. of America, 714 F.3d 1155, 1160 (citing Farmer, 511 U.S. at 832-33; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005)). To establish a violation of this duty, a plaintiff must "show that the prison officials acted with deliberate indifference." Castro v. County of Los Angeles, 833 F.3d 1060 (9th Cir. Aug. 15, 2016). A civil detainee need only show that a prison official purposely or knowingly subjected him to a risk of serious harm that was objectively unreasonable and need not show the defendant's subjective state of mind. Castro, 833 F.3d 1060, 2016 WL 4268955, *5-6 (citing Kingsley v. Hendrickson, __U.S. __, 135 S.Ct. 2466, 2472-73 (2015)).

The elements of a pretrial detainee's Fourteenth Amendment failure-to-protect claim against an individual officer are as follows:

> (1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;
>
> (2) Those conditions put the plaintiff at substantial risk of suffering serious harm;
>
> (3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved — making the consequences of the defendant's conduct obvious; and
>
> (4) By not taking such measures, the defendant caused the plaintiff's injuries.

Castro, at 1071. "With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily 'turn[ ] on the "facts and circumstances of each particular case."'" Castro, at 1071 (quoting Kingsley, 135 S.Ct. at 2473) (quoting Graham v. Connor, 490 U.S. 386, 396, 109 S.Ct. 1865 (1989)).

Plaintiff fails to state sufficient factual allegations to support a claim for failure to protect for the initial placement in the cell with the heavily tattooed inmate. Plaintiff does not allege that the members of the classification committee, Defendant Mims and Deputy Sheriffs JOHN and

JANE DOES 1-10, knew of any danger as to the initial placement in the holding cell with the heavily tattooed inmate. Plaintiff does not allege who he told or what he told them about his safety concern and he does not allege that Sheriff Mims and Deputy Sheriffs JOHN and JANE DOES 1-10 knew or made the decision to place Plaintiff in the initial holding cell in spite of the risk.

Plaintiff alleges that he told Sheriff Mims and Deputy Sheriffs JOHN and JANE DOES 1-10, after the initial beating, that Bulldogs were trying to kill him. Plaintiff also alleges that each time he told someone about the beatings, he was moved to a different holding cell. However, Plaintiff newly alleges in the third amended complaint that Sheriff Mims and Deputy Sheriffs JOHN and JANE DOES 1-10 failed to investigate his placement following the initial beating resulting in each of the subsequent beatings. Failure to investigate placement in holding cells, after the initial beating, states a cognizable claim against Sheriff Mims and Deputy Sheriffs JOHN and JANE DOES 1-10, who were responsible for investigating placement after the initial beating. Plaintiff bears the burden of proof at trial on this claim, but Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. <u>Wilhelm v. Rotman</u>, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). Plaintiff therefore has alleged that reasonable measures were not taken to abate the risk, because there was no investigation for subsequent placements after the initial beating, including upon his return from Atascadero.

Plaintiff complains that he was not moved into "protective custody." Plaintiff alleges the classification committee acted as "one voice" in refusing to move him into protective custody. The Constitution does not require that plaintiff be placed in "protective custody," only that the defendants take reasonably available measures to abate a substantial the risk of harm. Therefore, Plaintiff may not hold defendants liable merely because they did not place him into protective custody.

**C. Inadequate Medical Care**

The standard applicable to a pretrial detainee's claim for inadequate medical care under the Fourteenth Amendment is presently not clear. In the past, such claims were subject to the

6

same state of mind requirement as an Eighth Amendment violation, i.e., subjective and deliberate indifference to a substantial risk of serious harm. See <u>Clouthier v. County of Contra Costa</u>, 591 F.3d 1232 (9th Cir. 2010). However, that holding was called into question by the United States Supreme Court in a Fourteenth Amendment excessive force case, <u>Kingsley v. Hendrickson</u>, 135 S. Ct. 2466, 2473 (2015). Most recently, the Ninth Circuit extended the <u>Kingsley</u> rationale to a Fourteenth Amendment failure-to-protect claim. <u>Castro</u>, 833 F.3d at 1071. In <u>Guerra v. Sweeny</u>, 2016 WL 5404407 (E.D. Cal 2016) (Ishii, J.), the Court extended <u>Castro</u> to an untreated medical needs case. The court determined that the elements of such a claim are: (1) The plaintiff made a request for medical care or the need for care was glaringly obvious; (2) The plaintiff had a serious medical need; (3) The defendant did not take reasonable steps to obtain or provide medical care, even though a reasonable officer (or reasonable medical staff) in the circumstances would have appreciated the high degree of risk involved—making the likelihood of harm obvious; and (4) By not taking such measures, the defendant caused the plaintiff's injuries.

Plaintiff has not provided sufficient factual allegations to support his claim for medical care. Plaintiff's allegations continue to lump all of the beatings together and he does not allege how and what happened when he requested medical care after each beating. Plaintiff alleges that, in a somewhat confusing fashion, that when he was at Atascadero, he told Atascadero officials that "John and Jane Does 1 to 12, doctors and nurses back at the Fresno County Jail down-played his injuries and said he would heal up fine on his own without any medical care." (EDF. NO. 20, p.5-6.) Plaintiff's conclusory allegation: "The Fresno County Jail medical staff Medical JOHN and JANE DOES's 1 to 6 did not take reasonable steps to obtain or provide medical care, even though a reasonable medical staff in the circumstances would have appreciated the high degree of risk of not providing surgery …" is factually insufficient to state a plausible claim. (EDF No. 20, p. 10.) The Court will not infer factual allegations necessary for Plaintiff to state a claim.

In addition, Plaintiff fails to link defendants to the conduct following each of the beatings and whether by not taking measures, the defendants caused plaintiff's injuries.

Despite being given multiple opportunities to cure the deficiencies in his complaint, plaintiff has still failed allege facts sufficient to state a claim upon which relief can be granted for inadequate medical care.

Under these circumstances granting plaintiff leave to file a fourth amended complaint would be futile. See Reddy v. Litton Industries, Inc., 912 F.2d 291, 296 (9th Cir.1990); Rutmann Wine Co. v. E. & J. Gallo Winery, 829 F.2d 729, 738 (9th Cir.1987). For all the foregoing reasons, the court will dismiss the deliberate indifference claim against Doctors at Fresno County Jail sued as JOHN DOES 1-6; and Nurses at Fresno County Jail sued as JANE DOES 1-6.

### D. Doe Defendants

Unidentified or "Doe" defendants must be named or otherwise identified before service can go forward. "As a general rule, the use of 'John Doe' or 'Jane Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). Plaintiff is advised that John Doe or Jane Doe defendants cannot be served by the United States Marshal until Plaintiff has identified them as actual individuals and amended her complaint to substitute names for John Doe or Jane Doe. For service to be successful, the Marshal must be able to identify and locate defendants.

### IV. Conclusion and Order

The Court finds that Plaintiff has stated a cognizable claim for failure to protect in violation of the Fourteenth Amendment against Defendants Sheriff Mims, and the particular Deputy Sheriffs JOHN and JANE DOES 1-20, who failed to investigate Plaintiff's subsequent placements in holding cells, after the initial beating on or about October 20, 2012, including upon his return from Atascadero. However, Plaintiff has failed to state any other cognizable claims.

Accordingly, IT IS HEREBY ORDERED that:

1. This action proceeds against Defendants Sheriff Mims, and the Deputy Sheriffs JOHN and JANE DOES 1-20, who failed to investigate Plaintiff's subsequent placements in holding cells, after the initial beating on or about October 20, 2012, including upon his return from Atascadero; and

2. All other claims and the doctor and nurses at Fresno County Jail sued as JOHN and JANE DOES 1-6 are DISMISSED WITHOUT LEAVE TO AMEND.

IT IS SO ORDERED.

Dated: **April 11, 2017**  /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE