# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL HERNANDEZ GONZALEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>FRESNO SHERIFF'S DEPARTMENT, et al.,<br><br>    Defendants. | Case No. 1:15-cv-01200-BAM (PC)<br><br>ORDER GRANTING MOTION FOR EXTENSION OF TIME<br>(ECF No. 31)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br>(ECF No. 32)<br><br>ORDER DENYING MOTION TO COMPEL<br>(ECF No. 33)<br><br>**SIXTY (60) DAY DEADLINE** |

**I.    Background**

Plaintiff Michael Hernandez Gonzalez ("Plaintiff") was a detainee at the time of the incident and is currently a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff consented to Magistrate Judge jurisdiction. (ECF No. 4.) This action proceeds on Plaintiff's third amended complaint against Defendants Sheriff Mims and Deputy Sheriffs JOHN and JANE DOES 1–10 for failing to protect Plaintiff in violation of the Fourteenth Amendment, arising from Defendants' failure to investigate Plaintiff's subsequent placements in holding cells, after the initial beating on or about October 20, 2012, including upon his return from Atascadero. (ECF Nos. 21, 22.)

///

1    On April 12, 2017, the Court issued an order finding service of the third amended
2 complaint appropriate on Defendant Mims.  The Court further ordered Plaintiff, within ninety
3 (90) days from the date of the order, to provide written notice identifying the Doe Defendants
4 with enough information to locate the defendants for service of process.  (ECF No. 22.)
5    On May 12, 2017, Plaintiff filed a motion requesting a 60-day continuance to obtain
6 information as to the identity of the Doe Defendants.  (ECF No. 25.)  As Plaintiff did not include
7 any reasons for his request and more than 60 days remained before the original deadline expired,
8 the Court issued an order denying Plaintiff's motion.  (ECF No. 26.)
9    Currently before the Court are three motions: (1) Plaintiff's motion for extension of time
10 in which to serve unknown defendants, (ECF No. 31); (2) Plaintiff's motion to appoint counsel,
11 (ECF No. 32); and (3) Plaintiff's motion to compel discovery, (ECF No. 33).  Although
12 Defendant Mims has not had an opportunity to respond to Plaintiff's motions, the Court finds a
13 response unnecessary.  Local Rule 230(l).

14    **II.    Motion for Extension of Time**

15    Plaintiff seeks an extension of time in which to identify and serve Doe Defendants in this
16 action.  Plaintiff states that he has been seeking identifying information for Defendants Deputy
17 Sheriffs JOHN and JANE DOES 1–10 but has been unable to acquire the information by the July
18 14, 2017 deadline.  Plaintiff attaches a second response to his request for information from the
19 Custodian of Jail Records, which states that the Fresno County Sheriff's Department has no
20 records subject to disclosure, due to concerns for officer safety, inmate safety, jail security, and
21 law enforcement security procedures.  (ECF No. 31.)  Plaintiff has also attached to his motion to
22 compel a third response from the Fresno County Sheriff's Department, dated June 27, 2017, again
23 denying his request for information regarding Doe Defendants.  (ECF No. 33, p. 5.)
24    Plaintiff has not specified how much additional time is required.  However, Plaintiff has
25 demonstrated a good faith effort to obtain the identifying information needed for service of
26 process, and therefore the Court finds good cause to grant Plaintiff an extension of time to
27 identify Doe Defendants.  Fed. R. Civ. P. 16(b)(4); 4(m).  As discussed below, this extension will
28 allow Plaintiff sufficient time to serve the appropriate discovery requests on Defendant Mims and

receive responses.  The Court further finds that Defendant Mims will not be prejudiced by the extension of time requested here.

### III.     Motion to Appoint Counsel

Plaintiff states that he lacks education and literacy, is not an experienced "jail-house lawyer," and he suffers from a mental disability.  He further states that he lacks experience with the judicial system and has no access to the law library.  Plaintiff attaches as exhibits letters received from various law offices declining to represent him in this matter.  (ECF Nos. 32, 33.)

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), rev'd in part on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the Court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved."  Id. (internal quotation marks and citations omitted).

The Court has considered Plaintiff's motion for the appointment of counsel, but does not find the required exceptional circumstances.  Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  This Court is faced with similar cases involving claims of failure to protect filed by prisoners proceeding pro se and suffering various medical conditions almost daily.  These prisoners also must prosecute claims without the assistance of counsel.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits.  Although the Court has determined Plaintiff has stated some claims which may proceed in litigation, it has not determined that those claims have a likelihood of ultimately being successful.  Also, based on a review of the limited record in this

case, the Court does not find that Plaintiff cannot adequately articulate his claims.

### IV.     Motion to Compel Discovery

On July 12, 2017, Plaintiff filed a motion to compel discovery. Plaintiff states that he sent requests to the custodian of jail records on June 1, June 16, and July 1, 2017, seeking identifying information for Doe Defendants for service of process, and he has also requested his own medical records from the custodian of jail records at the Fresno County Jail. (ECF No. 33.) On the basis of his motion, it is unclear whether Plaintiff is seeking discovery from one of the defendants or a third party to this action.

#### a.  Legal Standard

In responding to requests for production, defendants must produce documents or other tangible things which are in their "possession, custody or control." Fed. R.Civ. P. 34(a). Responses must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons. Fed. R. Civ. P. 34(b)(2)(B).

Actual possession, custody or control is not required. "A party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity [that] is in possession of the document." Soto v. City of Concord, 162 F.R.D. 603, 619 (N.D. Cal. 1995); see also Allen v. Woodford, 2007 WL 309945, at *2 (E.D. Cal. Jan. 30, 2007) ("Property is deemed within a party's possession, custody, or control if the party has actual possession, custody, or control thereof or the legal right to obtain the property on demand.").

#### b.  Discussion

If Plaintiff is seeking discovery from Defendant Mims, Plaintiff is advised that discovery is now open in this action with respect to Defendant Mims and it is unnecessary to file a motion to compel unless a discovery response is found to be unsatisfactory. Plaintiff should refer to the Court's June 28, 2017 Discovery and Scheduling Order for the appropriate procedures for serving discovery requests directly on Defendant Mims. (ECF No. 29.)

If Plaintiff seeks to compel discovery from a third party, such as the Custodian of Jail Records for the Fresno County Sheriff's Office, Plaintiff is advised that a motion to compel is not

the appropriate means to obtain documents from a third party.  A Rule 45 subpoena is the only discovery method by which information may be obtained from a third party.  Fed. R. Civ. P. 34(c) (non-parties may be compelled to produce documents by subpoena), 45 (subpoenas); see also Frazier v. Redding Police Dept., No. CIV S-11-1351 GGH P, 2012 WL 5868573, at *7–8 (E.D. Cal. Nov. 19, 2012) (motion to compel non-party to provide documents not proper in the absence of appropriate service of a non-party subpoena in accordance with Fed. R. Civ. P. 45(b)(1)); Jennings v. Moreland, No. 2:08-cv-01305 LKK CKD P, 2012 WL 4469079, at *2 (E.D. Cal. Sept. 27, 2012) ("A motion to compel is the remedy under the Federal Rules of Civil Procedure to compel a party's compliance with a discovery request; it is not the procedure to address a non-party's alleged refusal to comply with a subpoena duces tecum and a subsequent court order to do so.").

### V.   Conclusion and Order

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion for extension of time (ECF No. 31), is GRANTED;
    a. Within **sixty (60) days** from the date of service of this order, Plaintiff shall provide the Court with written notice identifying Doe Defendants with enough information to locate the defendants for service of process;
2. Plaintiff's motion to appoint counsel (ECF No. 32), is DENIED, without prejudice; and
3. Plaintiff's motion to compel discovery (ECF No. 33), is DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **July 13, 2017**           /s/ Barbara A. McAuliffe           
                                                             UNITED STATES MAGISTRATE JUDGE