# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL HERNANDEZ GONZALEZ,<br><br>Plaintiff,<br><br>v.<br><br>THE FRESNO SHERIFF'S DEPARTMENT, et al.,<br><br>Defendants. | Case No. 1:15-cv-01200-BAM (PC)<br><br>ORDER DENYING MOTION TO COMPEL WITHOUT PREJUDICE<br>(ECF No. 38)<br><br>ORDER CLARIFYING DISCOVERY REQUEST AND ORDERING DEFENDANT TO RESPOND WITHIN **FOURTEEN (14) DAYS**<br><br>Deadline to Identify Doe Defendants: **Forty-Five (45) Days** |

Plaintiff Michael Hernandez Gonzalez ("Plaintiff") was a pretrial detainee at the time of the incident and is currently a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff and Defendant Mims have consented to the jurisdiction of a United States Magistrate Judge. (ECF Nos. 4, 34.) This action proceeds on Plaintiff's third amended complaint against Defendants Sheriff Mims and Deputy Sheriffs JOHN and JANE DOES 1–10 for failing to protect Plaintiff in violation of the Fourteenth Amendment, arising from Defendants' failure to investigate Plaintiff's subsequent placements in holding cells, after the initial beating on or about October 20, 2012, including upon his return from Atascadero. (ECF Nos. 21, 22.)

**I.  Background**

On April 12, 2017, the Court issued an order finding service of the third amended complaint appropriate on Defendant Mims. The Court further ordered Plaintiff, within ninety

1

(90) days from the date of the order, to provide written notice identifying the Doe Defendants with enough information to locate the defendants for service of process. (ECF No. 22.)

On May 12, 2017, Plaintiff filed a motion requesting a 60-day continuance to obtain information as to the identity of the Doe Defendants. (ECF No. 25.) As Plaintiff did not include any reasons for his request and more than 60 days remained before the original deadline expired, the Court issued an order denying Plaintiff's motion. (ECF No. 26.)

Defendant Mims appeared and filed an answer in this action on June 23, 2017. (ECF No. 28.) The Court issued a discovery and scheduling order on June 28, 2017. (ECF No. 29.)

Thereafter, Plaintiff filed three motions: (1) Plaintiff's motion for extension of time in which to serve unknown defendants, (ECF No. 31); (2) Plaintiff's motion to appoint counsel, (ECF No. 32); and (3) Plaintiff's motion to compel discovery, (ECF No. 33). The Court granted the motion for extension of time and denied the motion to appoint counsel and motion to compel without prejudice. (ECF No. 35.) The Court further advised Plaintiff that as discovery was now open in this action with respect to Defendant Mims, it was unnecessary for him to file a motion to compel unless he found a discovery response from Defendant Mims to be unsatisfactory. (Id.)

On August 23, 2017, Plaintiff filed a response to the Court's order, stating that he had asked Defendant Mims to arrange to accept service on behalf of the unserved and unknown classification officers at the Fresno County Jail. (ECF No. 36.) Plaintiff further suggested that Defendant Mims could provide the names of the Defendants directly to the U.S. Marshal Service as a compromise between Plaintiff's need to effectuate service and the privacy of the classification officers. (Id.)

Defendant Mims filed a response on August 24, 2017. (ECF No. 37.) Defendant Mims attached a declaration of counsel stating that she replied to Plaintiff's letter the day it was received, and attached a copy of Plaintiff's letter and her response. In her letter, defense counsel advised Plaintiff that she is not authorized to accept service of any documents on behalf of any unnamed County employees. (Id.)

On September 7, 2017, Plaintiff filed the instant motion to compel, relating to various discovery issues. (ECF No. 38.) Defendant Mims opposes the motion to compel on the grounds

that she is unable to further respond to Plaintiff's request without further clarifying and/or identifying or descriptive information, and to the extent that Plaintiff seeks an order pertaining to matters other than classification issues, such matters have not been addressed as part of any discovery between the parties. Defendant Mims attached a copy of Plaintiff's discovery request dated August 28, 2017 and defense counsel's letter in response. Plaintiff's request, though difficult to understand, appears to request the names of the Fresno County Jail classification officers, as related to injuries sustained in 2014 and his placement in cell(s) with Bulldogs gang members that led to a further attack. Plaintiff again proposes that Defendant Mims provide the names of the classification deputies directly to the U.S. Marshal as a compromise for effective service. In her letter in reply, defense counsel states merely that it is Defendant Mims' understanding that Plaintiff was never housed with other detainees or inmates in the Fresno County Jail who had been identified as belonging to any bulldog gang. (Id.)

**II.     Legal Standards**

The discovery process is subject to the overriding limitation of good faith, and callous disregard of discovery responsibilities cannot be condoned. Asea, Inc. v. S. Pac. Transp. Co., 669 F.2d 1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed R. Civ. P. 26(b)(1).

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. E.g., Grabek v. Dickinson, No. CIV S–10–2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan.13, 2012); Womack v. Virga, No. CIV S-11-1030 MCE EFB P, 2011 WL 6703958, at *3 (E.D. Cal. Dec. 21, 2011); Mitchell v. Felker, No. CV 08–119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep.29, 2010). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is

3

relevant and why the responding party's objections are not meritorious. <u>Grabek</u>, 2012 WL 113799, at *1; <u>Womack</u>, 2011 WL 6703958, at *3; <u>Mitchell</u>, 2010 WL 3835765, at *2.

However, the Court is vested with broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigant. <u>Hunt v. Cty. of Orange</u>, 672 F.3d 606, 616 (9th Cir. 2012); <u>Surfvivor Media, Inc. v. Survivor Prods.</u>, 406 F.3d 625, 635 (9th Cir. 2005); <u>Hallett v. Morgan</u>, 296 F.3d 732, 751 (9th Cir. 2002).

### III. Discussion

To the extent Plaintiff refers to matters not yet addressed as part of any discovery between the parties, Plaintiff's motion to compel is denied. Plaintiff should refer to the Court's June 28, 2017 discovery order regarding the relevant Federal Rules of Civil Procedure applicable to discovery and any disputes that may arise.

However, in light of Plaintiff's pro se status, the Court finds it appropriate to clarify the remainder of Plaintiff's request in this instance. As should be apparent to Defendant from the docket and the Court's discussion of the background of this action, Plaintiff is seeking the identities of the particular Doe Defendants named in the third amended complaint, so they can be identified and located by the U.S. Marshal for service of process.

Plaintiff's complaint identifies the Doe Defendants as members of the Fresno County Jail classification committee who failed to investigate Plaintiff's subsequent placements in holding cells, after the initial beating on or about October 20, 2012, including upon his return from Atascadero on or about May 2013. Although Plaintiff's August 28, 2017 discovery request may be difficult to understand, he explicitly refers to his need to provide the U.S. Marshals with the names of the Fresno County Jail classification deputies. Defense counsel's letter, addressing only the matter of whether counsel believes Plaintiff was ever housed with other detainees or inmates identified as members of the Bulldogs gang, is not responsive to Plaintiff's request.

Nevertheless, Defendant's argument that she is unable to further respond absent additional clarifying or identifying information is well taken. Accordingly, and in light of Plaintiff's pro se status, the Court will clarify Plaintiff's request.

///

4

Defendant shall provide Plaintiff with the names of the classification committee members for the Fresno County Jail who were responsible for Plaintiff's housing and/or cell placements from October 20, 2012, until Plaintiff's placement following his return from Atascadero on or about May 2013. Defendant is reminded that should she assert any privileges, "[t]he party asserting an evidentiary privilege has the burden to demonstrate that the privilege applies to the information in question." Tornay v. United States, 840 F.2d 1424, 1426 (9th Cir. 1988).

### IV. Conclusion and Order

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to compel (ECF No. 38) is DENIED, without prejudice;

2. Defendant shall respond to Plaintiff's August 28, 2017 discovery request, as clarified by this order, within **fourteen (14) days** from the date of service of this order; and

3. Within **forty-five (45) days** from the date of service of this order, Plaintiff shall provide the Court with written notice identifying Doe Defendants with enough information to locate the defendants for service of process.

IT IS SO ORDERED.

Dated: **October 5, 2017**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE