# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| MICHAEL HERNANDEZ GONZALEZ, | Case No. 1:15-cv-01200-BAM (PC) |
|---|---|
| Plaintiff, | ORDER REGARDING PLAINTIFF'S RESPONSE IDENTIFYING DOE DEFENDANTS |
| v. | |
| THE FRESNO SHERIFF'S DEPARTMENT, et al., | (ECF No. 41) |
| Defendants. | **THIRTY (30) DAY DEADLINE** |

Plaintiff Michael Hernandez Gonzalez ("Plaintiff") was a pretrial detainee at the time of the incident and is currently a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff and Defendant Mims have consented to the jurisdiction of a United States Magistrate Judge. (ECF Nos. 4, 34.) This action proceeds on Plaintiff's third amended complaint against Defendants Sheriff Mims and Deputy Sheriffs JOHN and JANE DOES 1–10 for failing to protect Plaintiff in violation of the Fourteenth Amendment, arising from Defendants' failure to investigate Plaintiff's subsequent placements in holding cells, after the initial beating on or about October 20, 2012, including upon his return from Atascadero. (ECF Nos. 21, 22.)

**I.     Relevant Background**

On April 12, 2017, the Court issued an order finding service of the third amended complaint appropriate on Defendant Mims. The Court further ordered Plaintiff, within ninety

1

(90) days from the date of the order, to provide written notice identifying the Doe Defendants with enough information to locate the defendants for service of process. (ECF No. 22.)

Defendant Mims appeared and filed an answer in this action on June 23, 2017. (ECF No. 28.) The Court issued a discovery and scheduling order on June 28, 2017. (ECF No. 29.)

On September 7, 2017, Plaintiff filed a motion to compel, relating to various discovery issues. (ECF No. 38.) Defendant Mims opposed the motion on September 8, 2017. (ECF No. 39.)

On October 6, 2017, the Court denied the motion to compel without prejudice and clarified the discovery request. Defendant Mims was ordered to respond to Plaintiff's request within fourteen days, and Plaintiff was ordered to identify the Doe Defendants within forty-five days. (ECF No. 40.)

Currently before the Court is Plaintiff's response identifying the Doe Defendants and requesting service documents. Attached is Defendant Mims' response to Plaintiff's discovery request, identifying the names of the Fresno County jail classification officers responsible for Plaintiff's housing and/or cell placement from October 20, 2012 through May 2013 as David Gutierrez, Michael Scott, John Palacios, and William Nemoto. (ECF No. 41.) The Court construes Plaintiff's filing as a motion to amend the complaint to substitute the names of the Doe Defendants, and a motion for service and issuance of summons. Defendant has not had an opportunity to file a response, but the Court finds a response unnecessary. Local Rule 230(l).

**II. Discussion**

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). "Rule 15(a) is very liberal and leave to amend shall be freely given when justice so requires." AmerisourceBergen Corp. v. Dialysist W., Inc., 465 F.3d 946, 951 (9th Cir. 2006) (citation and quotation omitted). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in

litigation; or (4) is futile." Id.

Plaintiff requests leave to amend his complaint to identify the Doe Defendants in this action. Pursuant to Defendant Mims' response, Plaintiff has identified the Doe Defendants as David Gutierrez, Michael Scott, John Palacios, and William Nemoto. (ECF No. 41, p. 2.)

The Court has considered the proposed amendment and finds that leave to amend should be granted. In considering the relevant factors, the Court finds no evidence of prejudice, bad faith, undue delay in litigation, or futility. Accordingly, Plaintiff's motion to amend shall be granted.

With respect to Plaintiff's request for the issuance of service documents, Plaintiff is advised that the Court will direct service of process after Plaintiff has filed a fourth amended complaint substituting the names of the Doe Defendants.

**III.    Conclusion and Order**

As discussed, Plaintiff shall be granted leave to file a fourth amended complaint, within thirty (30) days, in order to substitute the names of the Doe Defendants.

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what the named defendant did that led to the deprivation of Plaintiff's constitutional rights, Ashcroft v. Iqbal, 556 U.S. 662, 678-79, 129 S.Ct. 1937, 1948-49 (2009). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).

Plaintiff should note that although he has been granted leave to amend, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). **Plaintiff has been granted leave to amend the complaint for the sole purpose of substituting the names of the Doe Defendants.**

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 927 (9th Cir. 2012) (en banc). Therefore, Plaintiff's fourth amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

3

Based on the foregoing, it is HEREBY ORDERED as follows:

1. Plaintiff's motion to amend the complaint (ECF No. 41) is GRANTED;
2. Plaintiff's motion for issuance of service and summons is DENIED;
3. The Clerk's Office shall send Plaintiff a civil rights complaint form;
4. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a Fourth Amended Complaint as discussed in this order;
5. Plaintiff shall clearly identify the amended complaint as "Fourth Amended Complaint" and refer to the case number;
6. Plaintiff may not add any new allegations or claims to this action other than those already found to be cognizable by the Court; and
7. **If Plaintiff fails to comply with this order, the action will be dismissed for failure to obey a court order.**

IT IS SO ORDERED.

Dated: **November 1, 2017**   /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE