1

2

3

4

5

6

7

8                      **UNITED STATES DISTRICT COURT**

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   MICHAEL HERNANDEZ GONZALEZ,          Case No.  1:15-cv-01200-BAM (PC)

12              Plaintiff,               ORDER TO SHOW CAUSE WHY
                                         DEFENDANT SCOTT SHOULD NOT BE
13        v.                             DISMISSED FROM THIS ACTION FOR
                                         FAILURE TO PROVIDE SUFFICIENT
14   THE FRESNO SHERIFF'S                INFORMATION TO EFFECTUATE
     DEPARTMENT, et al.,                 SERVICE
15
                Defendants.              (ECF No. 51)
16
                                         **THIRTY (30) DAY DEADLINE**
17

18        **I.      Introduction**

19        Plaintiff Michael Hernandez Gonzalez ("Plaintiff"), a pretrial detainee at the time of the

20   incident and currently a state prisoner proceeding pro se and in forma pauperis, initiated this civil

21   rights action pursuant to 42 U.S.C. § 1983 on August 3, 2015.  This action proceeds on Plaintiff's

22   fourth amended complaint against Defendants Mims, Gutierrez, Scott, Palacios, and Nemoto for

23   failing to protect Plaintiff in violation of the Fourteenth Amendment, arising from Defendants'

24   failure to investigate Plaintiff's subsequent placements in holding cells, after the initial beating on

25   or about October 20, 2012, including upon Plaintiff's return from Atascadero.  This matter was

26   referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule

27   302.

28   ///

                                              1

**II.     Service by the United States Marshal**

On December 18, 2017, following the filing of Plaintiff's fourth amended complaint, the Court issued an order directing the United States Marshal to initiate service of process in this action upon Defendants Gutierrez, Scott, Palacios, and Nemoto.  (ECF No. 46.)  On January 8, 2018, the United States Marshal filed a return of service unexecuted as to Defendant Scott.  (ECF No. 51.)

Federal Rule of Civil Procedure 4(m) provides as follows:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed.R.Civ.P. 4(m).

In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of the court, shall serve the summons and the complaint.  Fed. R. Civ. P. 4(c)(3).  "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint, and . . . should not be penalized by having his or her action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform the duties required of each of them . . . ."  Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990).  "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'"  Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472, 115 (1995).  However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendant is appropriate.  Walker, 14 F.3d at 1421–22.

Here, the U.S. Marshal attempted to serve Defendant Scott with the information that Plaintiff provided.  However, the Marshal was informed that Defendant Scott is no longer employed by the Fresno County Jail, and no forwarding information was available.  (ECF No. 51.)  Plaintiff therefore has not provided sufficient information to identify and locate Defendant

2

Scott for service of process. If Plaintiff is unable to provide the Marshal with the necessary information to identify and locate this defendant, Defendant Scott shall be dismissed from this action, without prejudice. Pursuant to Rule 4(m), the Court will provide Plaintiff with the opportunity to show cause why Defendant Scott should not be dismissed from the action at this time.

### III. Conclusion and Order

Based on the foregoing, it is HEREBY ORDERED that:

1.      Within **thirty (30) days** from the date of service of this order, Plaintiff shall show cause why Defendant Scott should not be dismissed from this action; and

2.      The failure to respond to this order or the failure to show cause will result in the dismissal of Defendant Scott from this action.

IT IS SO ORDERED.

Dated:    **January 9, 2018**                    /s/ *Barbara A. McAuliffe*
                                              UNITED STATES MAGISTRATE JUDGE