# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MICHAEL HERNANDEZ GONZALEZ,

Plaintiff,

v.

THE FRESNO SHERIFF'S DEPARTMENT, et al,

Defendants.

Case No. 1:15-cv-01200-BAM (PC)

ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL WITHOUT PREJUDICE

(ECF No. 53)

Plaintiff Michael Hernandez Gonzalez ("Plaintiff"), a pretrial detainee at the time of the incident and currently a state prisoner proceeding pro se and in forma pauperis, initiated this civil rights action pursuant to 42 U.S.C. § 1983 on August 3, 2015.

Currently before the Court is Plaintiff's motion to appoint counsel, filed January 10, 2018. (ECF No. 53.) Plaintiff requests that the Court take into consideration his literacy, communication skills, educational level, litigation experience, intellectual capacity, and psychological history to grant him appointment of counsel. Plaintiff further argues that the Defendants have been uncooperative in responding to his discovery requests, and as a pro se litigant, Plaintiff lacks the ability to conduct adequate discovery and present the complex factors and legal issues present in this case. In addition, Plaintiff states that he lacks access to the law library and does not understand the complex discovery rules. (Id.)

///

As Plaintiff has been informed, he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), rev'd in part on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the Court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

The Court has considered Plaintiff's renewed motion for the appointment of counsel, but does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases involving claims of failure to protect filed by prisoners proceeding pro se almost daily. These prisoners also must prosecute claims without the assistance of counsel.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Although the Court has determined Plaintiff has stated some claims which may proceed in litigation, it has not determined that those claims have a likelihood of ultimately being successful. Also, based on a review of the limited record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.

To the extent Plaintiff alleges that Defendant Mims has not adequately or timely responded to Plaintiff's discovery requests, Plaintiff is informed that this dispute is properly raised in a motion to compel. Plaintiff is reminded that in any motion to compel, he must specify what discovery requests are at issue, how Defendant responded, and why Defendant's objections are unjustified. Pursuant to the Court's June 28, 2017, discovery and scheduling order, the

deadline for the completion of all discovery, including filing all motions to compel discovery, is February 28, 2018. (ECF No. 29.)

Accordingly, it is HEREBY ORDERED that Plaintiff's motion to appoint counsel, (ECF No. 53), is DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **January 11, 2018**

/s/ Barbara A. McAuliffe

UNITED STATES MAGISTRATE JUDGE