# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL HERNANDEZ GONZALEZ,<br><br>Plaintiff,<br><br>v.<br><br>THE FRESNO SHERIFF'S DEPARTMENT, et al.,<br><br>Defendants. | Case No. 1:15-cv-01200-BAM (PC)<br><br>ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO OBEY COURT ORDERS AND FAILURE TO PROSECUTE<br><br>(ECF Nos. 78, 79)<br><br>ORDER DIRECTING CLERK OF COURT TO TERMINATE PENDING MOTIONS AND CLOSE CASE |

**I.** **Background**

Plaintiff Michael Hernandez Gonzalez ("Plaintiff"), who was a pretrial detainee at the time of the incident, is proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. This action proceeds against Defendants Mims, Gutierrez, Palacios, and Nemoto for allegedly failing to protect Plaintiff in violation of the Fourteenth Amendment. All parties have consented to Magistrate Judge jurisdiction. (ECF Nos. 4, 34, 70.)

On August 23, 2018, Defendants filed a motion to dismiss this action for Plaintiff's failure to comply with Court orders, or alternatively to amend the discovery and scheduling order. (ECF No. 74.) On September 12, 2018, Plaintiff filed a document which appeared to indicate either his non-opposition to Defendants' motion to dismiss, or to the hearing on Defendants' motion to dismiss, or both. (ECF No. 77.) Defendants did not file a response.

1

Based on the ambiguity of the filing and Plaintiff's pro se status, the Court ordered Plaintiff, within twenty-one days, to clarify in writing whether he did not oppose the granting of the motion to dismiss or whether he intended to proceed with the litigation. (ECF No. 78.) Plaintiff was explicitly warned that his failure to respond to the Court's order would result in dismissal of this action for failure to obey a court order and failure to prosecute. (Id. at 2.)

After receiving no response from Plaintiff by the deadline, on November 5, 2018, the Court issued an order for Plaintiff to show cause why this action should not be dismissed, with prejudice, for failure to obey a Court order and failure to prosecute. (ECF No. 79.) Plaintiff was warned that if his response did not show good cause, this action would be dismissed with prejudice. (Id. at 2.)

The deadline for Plaintiff to respond to the Court's order to show cause has expired. The Court has received no further communication from Plaintiff, and none of the Court's orders have been returned as undeliverable.

**II.      Failure to Prosecute and Failure to Obey a Court Order**

    **A.      Legal Standard**

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." Thompson v. Hous. Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Serv., 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its

docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

**B.     Discussion**

Here, Plaintiff's clarification of his response to Defendants' motion to dismiss is overdue, and he has failed to comply with the Court's orders for him to file a response. The Court cannot effectively manage its docket if Plaintiff ceases litigating his case. Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air W., 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 at 132–33; Henderson, 779 F.2d at 1424. The Court's October 3, 2018 order and November 5, 2018 order to show cause both expressly warned Plaintiff that his failure to file a response would result in dismissal of this action, with prejudice. (ECF Nos. 78, 79.) Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance.

Additionally, at this stage in the proceedings there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources and without risking further prejudice to Defendants. Plaintiff is proceeding *in forma pauperis* in this action, making monetary sanctions of little use, and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating his case.

**III.    Conclusion and Order**

Accordingly, the Court finds that dismissal is the appropriate sanction and HEREBY ORDERS that:

1. This action is DISMISSED, with prejudice, due to Plaintiff's failure to obey Court orders and failure to prosecute this action; and
2. The Clerk of the Court is directed to terminate all pending motions and to close this case.

IT IS SO ORDERED.

Dated:   **December 6, 2018**              /s/ *Barbara A. McAuliffe*          _
                                                              UNITED STATES MAGISTRATE JUDGE