# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL HERNANDEZ GONZALEZ,<br><br>Plaintiff,<br><br>v.<br><br>THE FRESNO SHERIFF'S DEPARTMENT, *et al.*,<br><br>Defendants. | Case No. 1:15-cv-01200-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO REOPEN CASE<br><br>(ECF No. 82)<br><br>ORDER DIRECTING CLERK OF COURT TO SERVE PLAINTIFF AT NEW MAILING ADDRESS |

**I.   Procedural History**

Plaintiff Michael Hernandez Gonzalez ("Plaintiff") is a former pretrial detainee who proceeded *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. All parties to this action consented to Magistrate Judge jurisdiction. (ECF Nos. 4, 34, 70.)

On August 23, 2018, Defendants filed a motion to dismiss this action for Plaintiff's failure to comply with Court orders, or alternatively to amend the discovery and scheduling order. (ECF No. 74.) On September 12, 2018, Plaintiff filed a document which appeared to indicate either his non-opposition to Defendants' motion to dismiss, or his non-opposition to the hearing on Defendants' motion to dismiss, or both. (ECF No. 77.) In this filing, Plaintiff also indicated that he had been released from prison in April 2018, was shot nine times in May 2018, and hospitalized in July 2018. At the time the document was submitted, Plaintiff was apparently homeless, without income, and residing in a mental ward. (Id.) Defendants did not file a

1

response.

Based on the ambiguity of the filing and Plaintiff's *pro se* status, the Court ordered Plaintiff to clarify in writing whether he did not oppose the granting of the motion to dismiss or whether he intended to proceed with the litigation. (ECF No. 78.) Plaintiff was explicitly warned that his failure to respond to the Court's order would result in dismissal of this action for failure to obey a court order and failure to prosecute. (Id. at 2.)

After receiving no response from Plaintiff by the applicable deadline, the Court issued an order for Plaintiff to show cause why this action should not be dismissed, with prejudice, for failure to obey a court order and failure to prosecute. (ECF No. 79.) Plaintiff was warned that if his response did not show good cause, this action would be dismissed with prejudice. (Id. at 2.)

The Court received no communication from Plaintiff following the November 5, 2018 order to show cause. Accordingly, on December 7, 2018, the Court found that dismissal was the appropriate sanction and ordered this action dismissed, with prejudice, due to Plaintiff's failure to obey court orders and failure to prosecute this action. (ECF No. 80.) Judgment was entered accordingly the same date. (ECF No. 81.)

**II.     Motion to Reopen Case**

Currently before the Court is Plaintiff's motion to reopen this action so he may seek a settlement with Defendants, filed February 14, 2020. (ECF No. 82.) Defendants have not yet had an opportunity to respond to this motion, but the Court finds a response unnecessary. The motion is deemed submitted. Local Rule 230(l).

In his motion, Plaintiff again recounts events that occurred in 2018 following his release from jail, including being shot in May 2018 and his hospitalization until the fall of 2018. Plaintiff also states that he has been working on a new civil case, No. 1:19-cv-01447-JLT, which he would like to consolidate with the instant action so both cases may be settled.[1] Plaintiff provides no information regarding the time period between the fall of 2018 and February 10, 2020, when the

---

[1] The Court takes judicial notice of Gonzalez v. Perez, Case No. 1:19-cv-01447-JLT (E.D. Cal.). According to the docket in Gonzalez v. Perez, the action was initiated on October 15, 2019, and Plaintiff has filed numerous motions in that action from October 15, 2019, to the most recent filing of February 6, 2020. See Gonzalez v. Perez, Docket Nos. 1, 4, 5, 7–24.

instant motion was signed. (ECF No. 82.)

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time, and for reasons (1), (2), and (3) "no more than a year after the entry of the judgment or order or date of the proceeding." Fed. R. Civ. P. 60(c)(1).

Moreover, when filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

Plaintiff's motion for reconsideration must be denied. To the extent Plaintiff seeks relief under Rule 60(b)(2) by claiming that he has new information related to his other pending civil action, it appears that the claims alleged in that action occurred in 2019, well after the 2012 events at issue in this action. Therefore, any information related to the filing of Gonzalez v. Perez does not provide a basis for reopening the instant action.

Plaintiff's motion is also untimely under Rule 60(b)(6). See Hogan v. Robinson, No. CV-F-03-6408 LJO WMW, 2009 WL 1085478, at *4 (E.D. Cal. Apr. 22, 2009) (Rule 60(b)(6) motion "filed over 18 months after judgment was entered, and over two years after Plaintiffs were put on notice of the facts and circumstances upon which they rely[ ]" was untimely); Swait v. Evans, No. CV 08-5821 ABC (AN), 2008 WL 4330291, at *5–6 (C.D. Cal. Sept. 22, 2008) (Rule

60(b) motions untimely where petitioner "failed to proffer any legally valid explanation for his two-year delay" in filing). Taking into consideration the interest in finality and the lack of reasons for Plaintiff's extended delay, the Court finds Plaintiff's delay in moving for reconsideration under Rule 60(b)(6) unreasonable. Lemoge, 587 F.3d at 1196–97; Rodgers v. Watt, 722 F.2d 456, 459 (9th Cir. 1983) ("there is a compelling interest in the finality of judgments which should not be lightly disregarded").

As noted, the Court entered judgment in this case more than 14 months prior to the filing of Plaintiff's motion to reopen. If Plaintiff is arguing that his various medical and financial struggles since his release from jail in April 2018 provide an explanation for his delay in filing this motion, this is not new information. As noted above, Plaintiff informed the Court of these troubles in his September 12, 2018 filing, and his motion to reopen does not provide any information regarding the time period between September 2018 and the filing of his motion to reopen. Thus, Plaintiff has not explained why he could not communicate with the Court regarding this case for nearly a year and a half, especially when he was actively pursuing another civil case during much of that time.[2]

**III. Order**

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to reopen the case, (ECF No. 82), is DENIED;
2. The Clerk of the Court is directed to update Plaintiff's mailing address pursuant to ECF No. 82, and serve this order on Plaintiff at his new mailing address; and
3. This action remains closed.

IT IS SO ORDERED.

Dated: **February 18, 2020**         /s/ *Barbara A. McAuliffe*
                                      UNITED STATES MAGISTRATE JUDGE

---

[2] The Court notes that none of the orders served on Plaintiff were returned as undeliverable, and therefore were received by Plaintiff. See Local Rule 182(f) (each pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address).

4